COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
PETER J. BRODY (310282)
(pbrody@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Attorneys for Defendants
Rene Sindlev, Mark Dybul, Carol Brosgart,
Gregg Alton, James Sapirstein, Carl Sandler,
Henrik Gronfeldt-Sorenson, and Jayne
McNicol and Nominal Defendant Enochian
Biosciences Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL I. KOENIG, Derivatively on Behalf of ENOCHIAN BIOSCIENCES INC., <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, RENE SINDLEV, MARK DYBUL, CAROL BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRONFELDT-SORENSON, and JAYNE MCNICOL, <br><br> Defendants <br><br> and <br><br> ENOCHIAN BIOSCIENCES INC., <br><br> Nominal Defendant. | Case No. 2:22-cv-6871 <br><br> **JOINT STIPULATION TO STAY DERIVATIVE ACTION** <br><br> **[PROPOSED ORDER LODGED CONCURRENTLY]** <br><br> Judge:   Hon. John W. Holcomb |

Plaintiff Samuel I. Koenig ("Plaintiff"), derivatively and on behalf of Enochian Biosciences Inc. ("Enochian"), Defendants Rene Sindlev, Mark Dybul, Carol Brosgart, Gregg Alton, James Sapirstein, Carl Sandler, Henrik Gronfeldt-Sorenson, and Jayne McNicol (the "Stipulating Individual Defendants") and Nominal Defendant Enochian Biosciences Inc. (together with the Stipulating Individual Defendants, the "Stipulating Defendants," and together with Plaintiff, the "Stipulating Parties") jointly submit this Stipulation to Temporarily Stay Derivative Action ("Stipulation") and in support thereof state as follows:

**WHEREAS**, Plaintiff filed the above-captioned action (the "Derivative Litigation") purportedly in the right of, and for the benefit of, Enochian against the Stipulating Individual Defendants and Defendant Serhat Gumrucku (together, the "Individual Defendants") seeking to remedy the Individual Defendants' alleged breach of fiduciary duties, gross mismanagement, and unjust enrichment that have allegedly occurred and have allegedly caused substantial harm to Enochian;

**WHEREAS**, no prior stipulation or request for an extension has been filed;

**WHEREAS**, pending before this Court is *Albert Chow v. Enochian Biosciences Inc. et al.*, Case No. 8:22-cv-01374-JWH-JDE (the "Securities Litigation");

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

**WHEREAS**, Enochian and each of the Stipulating Individual Defendants is also a defendant in the Securities Litigation, together with Evelyn D'An and Luisa Puche (all together, the "Federal Securities Litigation Defendants");

**WHEREAS**, a motion seeking appointment of a lead plaintiff and approval of class counsel is pending before this Court in the Securities Litigation;

**WHEREAS**, in the Securities Litigation, this Court has approved the parties' stipulation to extend the deadline to respond to the complaint pending the Court's

appointment of a lead plaintiff and approval of class counsel, 8:22-cv-01374-JWH-JDE Dkt. No. 30;

**WHEREAS**, upon the appointment of a lead plaintiff in the Securities Litigation, it is anticipated that the lead plaintiff will file a consolidated class action complaint alleging, *inter alia*, that the Federal Securities Litigation Defendants violated the Securities Exchange Act of 1934;

**WHEREAS**, upon the filing of the consolidated class action complaint in the Securities Litigation, the Federal Securities Litigation Defendants anticipate filing a motion to dismiss for failure to state a claim;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, the Securities Litigation will be stayed at least until this court decides the Federal Securities Litigation Defendants' anticipated motion to dismiss;

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and the Stipulating Defendants have conferred regarding the Derivative Litigation and the Securities Litigation and the appropriate next steps and have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings that Plaintiff and the Stipulating Defendants anticipate will commence by operation of law upon the filing of a motion to dismiss in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, by this Court, and all appeals related thereto have been exhausted; or (2) the anticipated motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) any of the Stipulating Parties gives a ten (10) day notice that he, she, or it no longer consents to the voluntary stay of the Derivative Litigation.

**NOW THEREFORE**, it is hereby stipulated and agreed by the Stipulating

Parties, through their respective counsel of record, as follows::

1. The Stipulating Defendants hereby waive service of the complaint and summons without waiver of any defenses, including those related to personal jurisdiction.

2. All proceedings in the Derivative Litigation, including all deadlines, hearings, conferences, and Defendants' deadline to respond to the complaint, are stayed until the resolution of the forthcoming motion to dismiss in the Securities Litigation or such time as agreed between Plaintiff and the Stipulating Defendants, or as otherwise ordered by the Court.

3. The Stipulating Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Litigation.  The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Litigation is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action.  The Stipulating Parties agree that Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court.  The Stipulating Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants.  Unless otherwise ordered by the Court, the Stipulating Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

4. The Stipulating Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed

stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

5. The Stipulating Parties agree that during the pendency of this stay, the Stipulating Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with the plaintiff in the Securities Litigation, and shall make a good faith effort to include Plaintiff in any mediation with the plaintiffs in the Securities Litigation. In the event that the Stipulating Defendants' good faith efforts do not result in including Plaintiff in the mediation with plaintiff in the Securities Litigation, then the Stipulating Defendants agree to mediate with Plaintiff in the Derivative Litigation at or about the same time. The Stipulating Parties further agree that the Stipulating Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation.

6. The Stipulating Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint, although the Stipulating Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

7. This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

8. Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Litigation Defendants; or (3) any of the Stipulating Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Stipulating Parties shall notify the Court within fifteen (15) court days and shall, within thirty (30) days, meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative

Litigation.

9. Stipulating Defendants shall notify Plaintiff should they become aware of any stockholder derivative lawsuit or pre-suit books-and-records inspection demands regarding the same allegations made in the Derivative Litigation (each such derivative lawsuit or pre-suit books-and-records inspection demand being a "Related Derivative Action"). After the stay is lifted, the Stipulating Defendants agree not to move to stay the Derivative Litigation in deference to any Related Derivative Action. Except as provided in this paragraph, nothing shall prevent the Stipulating Defendants from moving to stay the Derivative Litigation on other grounds, and nothing shall prevent Plaintiff from opposing such a motion, in the event the stay is lifted.

10. During the pendency of the stay, and subject to the prior execution of an appropriate confidentiality agreement and/or protective order, the Stipulating Defendants shall produce to Plaintiff copies of any documents, written discovery, and deposition transcripts that the Stipulating Defendants have produced, or otherwise provided (including in connection with any pre-suit books-and-records inspection demand relevant to the allegations in the Derivative Litigation), to lead plaintiff(s) in the Securities Litigation or any Related Derivative Action, or to any Enochian stockholder who made a pre-suit books-and-records inspection demand regarding the same allegations made in this Derivative Litigation, provided, however, that during the pendency of the stay, Plaintiff will not use any such materials provided by the Stipulating Defendants for any purpose besides settlement discussion and that, at all times, unless a derivative action is subsequently filed that refers to or otherwise makes use of the same or similar materials, Plaintiff will not use such materials for the purpose of amending the Derivative Litigation complaint.

| | | |
|---|---|---|
| Dated: | January 23, 2023 | COOLEY LLP |

By: */s/ Patrick E. Gibbs*
Patrick E. Gibbs

Attorneys for Defendants Rene Sindlev, Mark Dybul, Carol Brosgart, Gregg Alton, James Sapirstein, Carl Sandler, Henrik Grosfeldt-Sorenson, and Jayne McNicol and Nominal Defendant Enochian Biosciences Inc.

| | | |
|---|---|---|
| Dated: | January 23, 2023 | **WEISS LAW** |

By: */s/ Mark D. Smilow*
Joel E. Elkins (SBN 256020)
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: (310) 208-2800
Facsimile: (310) 209-2348

WEISS LAW
David C. Katz (pro hac vice)
Mark D. Smilow (pro hac vice)
Joshua M. Rubin (pro hac vice to be filed)
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

*Counsel for Plaintiff Samuel I. Koenig*

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Civil L.R. 5-4.3.4, I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

| | | |
|---|---|---|
| Dated: | January 23, 2023 | COOLEY LLP |

By: */s/ Patrick E. Gibbs*
Patrick E. Gibbs