1  COOLEY LLP
   PATRICK E. GIBBS (183174)
2  (pgibbs@cooley.com)
   PETER J. BRODY (310282)
3  (pbrody@cooley.com)
   3175 Hanover Street
4  Palo Alto, California  94304-1130
   Telephone:  +1 650 843 5000
5  Facsimile:   +1 650 849 7400

6  Attorneys for Defendants
   Rene Sindlev, Mark Dybul, Carol Brosgart,
7  Gregg Alton, James Sapirstein, Carl Sandler,
   Henrik Gronfeldt-Sorenson, and Jayne
8  McNicol and Nominal Defendant Enochian
   Biosciences Inc.
9

             UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL I. KOENIG, Derivatively on Behalf of ENOCHIAN BIOSCIENCES INC., <br><br>         Plaintiff, <br><br>   v. <br><br> SERHAT GUMRUKCU, RENE SINDLEV, MARK DYBUL, CAROL BROSGART, GREGG ALTON, JAMES SAPIRSTEIN, CARL SANDLER, HENRIK GRONFELDT-SORENSON, and JAYNE MCNICOL, <br><br>         Defendants <br><br>   and <br><br> ENOCHIAN BIOSCIENCES INC., <br><br>         Nominal Defendant. | Case No. 2:22-cv-6871 <br><br> **[PROPOSED] ORDER RE JOINT STIPULATION TO STAY DERIVATIVE ACTION** <br><br> Judge:   Hon. John W. Holcomb |

Upon the *Joint Stipulation to Stay Derivative Action* submitted by the parties to the above-captioned action, and for good cause appearing, the Court hereby ORDERS as follows:

1. The Stipulating Defendants have waived service of the complaint and summons without waiver of any defenses, including those related to personal jurisdiction.

2. All proceedings in the Derivative Litigation, including all deadlines, hearings, conferences, and Defendants' deadline to respond to the complaint, are stayed until the resolution of the forthcoming motion to dismiss in the Securities Litigation or such time as agreed between Plaintiff and the Stipulating Defendants, or as otherwise ordered by the Court.

3. The Stipulating Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Litigation.  The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Litigation is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action.  The Stipulating Parties agree that Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court.  The Stipulating Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants.  Unless otherwise ordered by the Court, the Stipulating Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

4. The Stipulating Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned Counsel for Defendants via email.

5. The Stipulating Parties agree that during the pendency of this stay, the Stipulating Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with the plaintiff in the Securities Litigation, and shall make a good faith effort to include Plaintiff in any mediation with the plaintiffs in the Securities Litigation. In the event that the Stipulating Defendants' good faith efforts do not result in including Plaintiff in the mediation with plaintiff in the Securities Litigation, then the Stipulating Defendants agree to mediate with Plaintiff in the Derivative Litigation at or about the same time. The Stipulating Parties further agree that the Stipulating Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation.

6. The Stipulating Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint, although the Stipulating Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

7. This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

8. Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Litigation Defendants; or (3) any of the Stipulating Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Stipulating Parties shall notify the Court within fifteen (15) court

days and shall, within thirty (30) days, meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative Litigation.

9. Stipulating Defendants shall notify Plaintiff should they become aware of any stockholder derivative lawsuit or pre-suit books-and-records inspection demands regarding the same allegations made in the Derivative Litigation (each such derivative lawsuit or pre-suit books-and-records inspection demand being a "Related Derivative Action"). After the stay is lifted, the Stipulating Defendants agree not to move to stay the Derivative Litigation in deference to any Related Derivative Action. Except as provided in this paragraph, nothing shall prevent the Stipulating Defendants from moving to stay the Derivative Litigation on other grounds, and nothing shall prevent Plaintiff from opposing such a motion, in the event the stay is lifted.

10. During the pendency of the stay, and subject to the prior execution of an appropriate confidentiality agreement and/or protective order, the Stipulating Defendants shall produce to Plaintiff copies of any documents, written discovery, and deposition transcripts that the Stipulating Defendants have produced, or otherwise provided (including in connection with any pre-suit books-and-records inspection demand relevant to the allegations in the Derivative Litigation), to lead plaintiff(s) in the Securities Litigation or any Related Derivative Action, or to any Enochian stockholder who made a pre-suit books-and-records inspection demand regarding the same allegations made in this Derivative Litigation, provided, however, that during the pendency of the stay, Plaintiff will not use any such materials provided by the Stipulating Defendants for any purpose besides settlement discussion and that, at all times, unless a derivative action is subsequently filed that refers to or otherwise makes use of the same or similar materials, Plaintiff will not use such materials for the purpose of amending the Derivative Litigation complaint.

1  IT IS SO ORDERED.

2  Dated: _____, 2023

3

4  _____
   Hon. John W. Holcomb
   United States District Judge